**BLUMBERG & WOLK, LLC**
Christopher M. Wolk, Esq.
(CMW ID#012832007)
158 Delaware Street
Woodbury, NJ 08096
(856) 848-7472
Attorneys for Defendants, Javier Acevedo,
Edgar Feliciano, Borough of Woodlynne, and
Woodlynne Police Department

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Plaintiffs,<br><br>JORDYNN COOK, a minor by her Guardian CLYDE COOK; CLYDE COOK, Individually; LAKEISHA FONTANEZ, TIMOTHY COOK; and TRACY COOK<br><br>vs.<br><br>Defendants<br><br>BOROUGH OF WOODLYNNE and/or WOODLYNNE POLICE DPEARTMENT and/or OFFICER EDGAR FELICIANO and/or OFFICER JAVIER ACEVEDO, jointly, severally, individually, and/or in the alternative | CIVIL ACTION NO: 1:22-cv-1127<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICE OF NEW JERSEY** |

To:     THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that defendants, Javier Acevedo, Edgar Feliciano, the Borough of Woodlynne, and the Woodlynne Police Department have removed to the United States District Court for the District of New Jersey all claims and causes of action in the civil action styled Jordynn Cook, et. al. v. Borough of Woodlynne, et. al., Docket Number CAM-L-218-22 (the "State Court Action") now pending in the Superior Court of New Jersey, Law Division, Civil Part, Camden Vicinage pursuant to 28 U.S.C. § 1446.  A copy of all process, pleadings and orders served upon defendants to date in the State Court Action are attached as Exhibit A.

1

Defendants' grounds for removal are as follows:

1. **This is a Civil Action stating a claim for relief arising under the laws of the United States**

   a. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because plaintiffs have set forth multiple causes of action for violation of plaintiff Jordynn Cook's Federal Constitutional Rights by way of 42 U.S.C. § 1983. See Ex. A at 2, ¶2; at 3, ¶7-8.

   b. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because plaintiffs have set forth a cause of action for violation of plaintiff Clyde Cook's Federal Constitutional Rights by way of 42 U.S.C. § 1983.  See Ex. A at 3, ¶8.

   c. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because plaintiffs have set forth a cause of action for violation of plaintiff Lakeisha Fontanez's Federal Constitutional Rights by way of 42 U.S.C. § 1983.  See Ex. A at 4-5, ¶14.

   d. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because plaintiffs have set forth a cause of action for violation of plaintiff Timothy Cook's Federal Constitutional Rights by way of 42 U.S.C. § 1983.  See Ex. A at 6, ¶20.

   e. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because plaintiffs have set forth a cause of action for violation of plaintiff Tracy Cook's Federal Constitutional Rights by way of 42 U.S.C. § 1983.  See Ex. A at 8, ¶26.

2. **This notice of removal is timely and complete**

   a. Affidavits of service on the defendants were filed in the State Court Action on February 1, 2022.

   b. All defendants consent to the removal of this matter to federal court.

   c. This court has personal jurisdiction over the parties.

**d.** The defendants are simultaneously providing this notice to all counsel of record in the State Court Action.  The defendants will additionally file this notice within the State Court Action.


**BLUMBERG & WOLK, LLC**
Attorneys for Defendants Javier Acevedo,
Edgar Feliciano, Borough of Woodlynne, and
Woodlynne Police Department


**B**y:  s/ Christopher M. Wolk_____
Christopher M. Wolk, Esq
cwolk@blumberglawoffices.com
**Attorney of Record**

# EXHIBIT A

EXHIBIT A

EXHIBIT A

## SUMMONS

Attorney(s) ANDREW R. BENN, ESQUIRE

Office Address  1617 JFK BLVD, SUITE 1240

Town, State, Zip Code  PHILADELPHIA, PA 19103


Telephone Number  215-354-6356

Attorney(s) for Plaintiff  CLYDE COOK;TRACY COOK,

TIMOTHY COOK;JORDYNN COOK,

A MINOR; LAKEISHA FONTANEZ

Plaintiff(s)

vs.

BOROUGH OF WOODLYNNE;

WOODLYNNE PD; ET AL

Defendant(s)

# **Superior Court of New Jersey**

Camden      ▼ County

CIVIL LAW    Division

Docket No: CAM-L-000218-22


# **CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED:  01/26/2022

Name of Defendant to Be Served:  BOROUGH OF WOODLYNNE

Address of Defendant to Be Served:  200 COOPER AVE, WOODLYNNE NJ 08107

BENN LAW, LLC
BY: ANDREW R. BENN, ESQUIRE
Identification No.: 010222009
1617 JFK BLVD, SUITE 1240
PHILADELPHIA, PA 19103
(215) 354-6356
Attorney for Plaintiffs

| Plaintiffs | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| JORDYNN COOK, a minor by her Guardian: | | CAMDEN COUNTY |
| CLYDE COOK; CLYDE COOK, | : | |
| Individually; LAKEISHA FONTANEZ, | : | DOCKET NO.: |
| TIMOTHY COOK; and TRACY COOK | : | |
| | : | |
| | : | COMPLAINT AND DEMAND |
| | : | FOR JURY TRIAL |
| vs. | : | |
| | : | |
| Defendants | : | |
| | : | |
| BOROUGH OF WOODLYNNE and/or | : | |
| WOODLYNNE POLICE DEPARTMENT | : | |
| and/or OFFICER EDGAR FELICIANO | : | |
| and/or OFFICER JAVIER ACEVEDO, | : | |
| jointly, severally, individually, and/or in the : | | |
| alternative | : | |

Plaintiffs, Jordynn Cook, a minor by her Guardian, Clyde Cook and Clyde Cook

Individually, Lakeisha Fontanez, Timothy Cook and Tracy Cook, residing at 2301 Woodlynne

Avenue, in the Borough of Woodlynne, County of Camden and State of New Jersey, hereby

complain against the Defendants and say:

## FIRST COUNT

1. At all times material hereto, the Plaintiffs were inside of their family home located at

   2301 Woodlynne Avenue, in the Borough of Woodlynne, County of Camden and State of

   New Jersey.

1

2. On or about February 9, 2020, Defendant, Officer Edgar Feliciano and Defendant,

Officer, Javier Acevedo, were employed by Defendants, Borough of Woodlynne and/or

Woodlynne Police Department, and while in the course and scope of their employment,

negligently, and/or carelessly and/or illegally and/or in violation of State and/or Local

Police Laws and Regulations did improperly accost, arrest, assault, use excessive force

and/or charge the minor Plaintiff, Jordynn Cook, in violation of her Civil Rights as set

forth in the U.S. Constitution, the Constitution of the State of New Jersey, New Jersey

Civil Rights Act, Section 1983 of the Federal Statutes of the United States and other

various laws, rules and regulations.  Specifically, Officers Feliciano and/or Acevedo

pepper sprayed the entire home causing injury to the Minor.

3. As a direct and proximate result of the carelessness and/or negligence of the Defendants

as aforesaid, the minor Plaintiff, Jordynn Cook was caused to sustain serious and

permanent personal injuries; she has been forced to seek medical treatment and care for

the injuries she has incurred; she has been caused to suffer painful and permanent

physical injuries, she has in the past and in the future be caused to incur diverse expenses

in order to cure and/or alleviate the injuries from which she has sustained; she has in the

past and will in the future be prevented from attending her lawful and normal affairs,

activities and/or occupation.

4. The aforesaid Constitutional violations were caused by actions taken pursuant to the

Borough of Woodlynne and/or Woodlynne Police Department policies and/or customs.

**WHEREFORE**, Plaintiff, Jordynn Cook, a minor, by her guardian, Clyde Cook, demands

judgment against the Defendants, Borough of Woodlynne, and/or Woodlynne Police

Department, and/or Officer Edgar Feliciano and/or Officer Javier Acevedo, jointly, severally,

2

individually and/or in the alternative, on this Count, for damages, together with interest and costs of suit.

SECOND COUNT

5. Plaintiff, Clyde Cook, Individually, hereby repeats each and every allegation of the First Count as if the same were set forth at length herein.

6. At all times material hereto, Plaintiff, Clyde Cook, was the guardian of the minor Plaintiff, Jordynn Cook.

7. As a result of the injuries sustained by the minor Jordynn Cook, her Guardian, Clyde Cook, has incurred, are incurring and will in the future be caused to incur great expenses for hospital and medical treatment in an effort to rectify the minor Plaintiff's injuries.

8. On or about February 9, 2020, Defendant, Officer Edgar Feliciano and Defendant, Officer, Javier Acevedo, were employed by Defendants, Borough of Woodlynne and/or Woodlynne Police Department, and while in the course and scope of their employment, negligently, and/or carelessly and/or illegally and/or maliciously and/or in violation of State and/or Local Police Laws and Regulations did improperly accost, arrest, assault, imprisoned, used excessive force, charge and prosecuted the Plaintiff, Clyde Cook, in violation of his Civil Rights as set forth in the U.S. Constitution, the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, Section 1983 of the Federal Statutes of the United States and other various laws, rules and regulations. Specifically, Officers Feliciano and/or Acevedo pointed their service revolvers at Plaintiff, unlawfully and forcefully entered the Plaintiff's home, pepper sprayed the Plaintiff in his face, and slammed the Plaintiff onto a wall and to the ground.

3

9.  As a direct and proximate result of the carelessness and/or negligence of the Defendants
    as aforesaid, the Plaintiff, Clyde Cook was caused to sustain serious and permanent
    personal injuries; has been forced to seek medical treatment and care for the injuries he
    has incurred; he has been caused to suffer painful and permanent physical injuries, he has
    in the past and in the future be caused to incur diverse expenses in order to cure and/or
    alleviate the injuries from which he has sustained; he has in the past and will in the future
    be prevented from attending her lawful and normal affairs, activities and/or occupation.

10. As a direct and proximate result of the Defendants' conduct, Clyde Cook has suffered,
    and will continue to suffer embarrassment, humiliation, physical and psychological harm,
    pain and suffering, and financial harm, some or all of which may be permanent.

11. As a direct and proximate result of the Defendant's conduct, Clyde Cook has incurred
    attorney's fees and other costs associated with his defense.

12. The aforesaid Constitutional violations were caused by actions taken pursuant to the
    Borough of Woodlynne and/or Woodlynne Police Department's policies and/or customs.

**WHEREFORE**, Plaintiff, Clyde Cook demands judgment against the Defendants, Borough
of Woodlynne, and/or Woodlynne Police Department, and/or Officer Edgar Feliciano and/or
Officer Javier Acevedo, jointly, severally, individually and/or in the alternative, on this Count,
for damages, together with interest and costs of suit.

## THIRD COUNT

13. Plaintiff, Lakeisha Fontanez hereby repeats each and every allegation of the First, Second
    and Third Counts as if the same were set forth at length herein.

14. On or about February 9, 2020, Defendant, Officer Edgar Feliciano and Defendant,
    Officer, Javier Acevedo, were employed by Defendants, Borough of Woodlynne and/or

4

Woodlynne Police Department, and while in the course and scope of their employment, negligently, and/or carelessly and/or illegally and/or maliciously, and/or in violation of State and/or Local Police Laws and Regulations did improperly accost, arrest, assault, imprisoned, used excessive force, charge and/or prosecute the Plaintiff, Lakeisha Fontanez,  in violation of her Civil Rights as set forth in the U.S. Constitution, the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, Section 1983 of the Federal Statutes of the United States and other various laws, rules and regulations. Specifically, Officers Feliciano and/or Acevedo pointed their service revolvers at Plaintiff, unlawfully and forcefully entered the Plaintiff's home and pepper sprayed the Plaintiff in her face.

15. As a direct and proximate result of the carelessness and/or negligence of the Defendants as aforesaid, the Plaintiff, Lakeisha Fontanez was caused to sustain serious and permanent personal injuries; has been forced to seek medical treatment and care for the injuries she has incurred; she has been caused to suffer painful and permanent physical injuries, she has in the past and in the future be caused to incur diverse expenses in order to cure and/or alleviate the injuries from which she has sustained; she has in the past and will in the future be prevented from attending her lawful and normal affairs, activities and/or occupation.

16. As a direct and proximate result of the Defendants' conduct, Lakeisha Fontanez has suffered, and will continue to suffer embarrassment, humiliation, physical and psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

5

17. As a direct and proximate result of the Defendant's conduct, Lakeisha Fontanez has incurred attorney's fees and other costs associated with her defense.

18. The aforesaid Constitutional violations were caused by actions taken pursuant to the Borough of Woodlynne and/or Woodlynne Police Department policies and/or customs.

**WHEREFORE**, Plaintiff, Lakeisha Fontanez demands judgment against the Defendants, Borough of Woodlynne, and/or Woodlynne Police Department, and/or Officer Edgar Feliciano and/or Officer Javier Acevedo, jointly, severally, individually and/or in the alternative, on this Count, for damages, together with interest and costs of suit.

## FOURTH COUNT

19. Plaintiff, Timothy Cook hereby repeats each and every allegation of the First, Second and Third Counts as if the same were set forth at length herein.

20. On or about February 9, 2020, Defendant, Officer Edgar Feliciano and Defendant, Officer, Javier Acevedo, were employed by Defendants, Borough of Woodlynne and/or Woodlynne Police Department, and while in the course and scope of their employment, negligently, and/or carelessly and/or illegally and/or maliciously and/or in violation of State and/or Local Police Laws and Regulations did improperly accost, arrest, assault, imprisoned, used excessive force, charge and/or prosecute the Plaintiff, Timothy Cook, in violation of his Civil Rights as set forth in the U.S. Constitution, the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, Section 1983 of the Federal Statutes of the United States and other various laws, rules and regulations. Specifically, Officers Feliciano and/or Acevedo pointed their service revolvers at Plaintiff, unlawfully and forcefully entered the Plaintiff's home, pepper sprayed the Plaintiff in his face and violently slammed him into a wall and onto the ground.

6

21. As a direct and proximate result of the carelessness and/or negligence of the Defendants
as aforesaid, the Plaintiff, Timothy Cook was caused to sustain serious and permanent
personal injuries; has been forced to seek medical treatment and care for the injuries she
has incurred; she has been caused to suffer painful and permanent physical injuries, she
has in the past and in the future be caused to incur diverse expenses in order to cure
and/or alleviate the injuries from which she has sustained; she has in the past and will in
the future be prevented from attending her lawful and normal affairs, activities and/or
occupation.

22. The aforesaid Constitutional violations were caused by actions taken pursuant to the
Borough of Woodlynne and/or Woodlynne Police Department policies and/or customs.

23. As a direct and proximate result of the Defendants' conduct, Timothy Cook has suffered,
and will continue to suffer embarrassment, humiliation, physical and psychological harm,
pain and suffering, and financial harm, some or all of which may be permanent.

24. As a direct and proximate result of the Defendant's conduct, Timothy Cook has incurred
attorney's fees and other costs associated with his defense.

**WHEREFORE**, Plaintiff, Timothy Cook demands judgment against the Defendants,

Borough of Woodlynne, and/or Woodlynne Police Department, and/or Officer Edgar Feliciano
and/or Officer Javier Acevedo, jointly, severally, individually and/or in the alternative, on this
Count, for damages, together with interest and costs of suit.

## FIFTH COUNT

25. Plaintiff, Tracy Cook hereby repeats each and every allegation of the First, Second, Third
and Fourth Counts as if the same were set forth at length herein.

7

26. On or about February 9, 2020, Defendant, Officer Edgar Feliciano and Defendant,

Officer, Javier Acevedo, were employed by Defendants, Borough of Woodlynne and/or

Woodlynne Police Department, and while in the course and scope of their employment,

negligently, and/or carelessly and/or illegally and/or maliciously, and/or in violation of

State and/or Local Police Laws and Regulations did improperly accost, arrest, assault

used excessive force and/or charge the Plaintiff, Tracy Cook, in violation of her Civil

Rights as set forth in the U.S. Constitution, the Constitution of the State of New Jersey,

the New Jersey Civil Rights Act, Section 1983 of the Federal Statutes of the United

States and other various laws, rules and regulations. Specifically, Officers Feliciano

and/or Acevedo pointed their service revolvers at Plaintiff, unlawfully and forcefully

entered the Plaintiff's home, pepper sprayed the Plaintiff in her face.

27. As a direct and proximate result of the carelessness and/or negligence of the Defendants

as aforesaid, the Plaintiff, Tracy Cook was caused to sustain serious and permanent

personal injuries; has been forced to seek medical treatment and care for the injuries she

has incurred; she has been caused to suffer painful and permanent physical injuries, she

has in the past and in the future be caused to incur diverse expenses in order to cure

and/or alleviate the injuries from which she has sustained; she has in the past and will in

the future be prevented from attending her lawful and normal affairs, activities and/or

occupation.

28. The aforesaid Constitutional violations were caused by actions taken pursuant to the

Borough of Woodlynne and/or Woodlynne Police Department policies and/or customs.

8

29. As a direct and proximate result of the Defendants' conduct, Tracy Cook has suffered, and will continue to suffer embarrassment, humiliation, physical and psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

**WHEREFORE**, Plaintiff, Tracy Cook demands judgment against the Defendants, Borough of Woodlynne, and/or Woodlynne Police Department, and/or Officer Edgar Feliciano and/or Officer Javier Acevedo, jointly, severally, individually and/or in the alternative, on this Count, for damages, together with interest and costs of suit.

## SIXTH COUNT

30. Plaintiffs, hereby repeat each and every allegation of Counts I-V as if the same were set forth at length herein.

31. Defendant, Borough of Woodlynne knowingly failed to maintain policies, practices and training of Defendant Officers Feliciano and Acevedo, that met the minimum standards in the industry.

32. Merely sending a police officer to the academy does not satisfy training obligations.

33. Rather, the Borough remained responsible for ensuring that its police officers were properly trained, remained properly trained and acted in accordance with said training.

34. The Borough of Woodlynne maintained policies, practices and customs, which were the moving force that resulted in the Plaintiffs constitutional rights being violated.

35. In the alternative, the Borough of Woodlynne failed to implement proper policies and training, which was the moving force that resulted in the Plaintiffs' constitutional rights being violated.

36. As a direct and proximate result of the Borough of Woodlynne's conduct, Plaintiffs suffered, and will continue to suffer embarrassment, humiliation, physical and

9

psychological harm, pain and suffering, and financial harm, some or all of which may be
permanent.

37. As a direct and proximate result of the Defendant's conduct, Plaintiffs have incurred
attorney's fees and other costs associated with their defense.

**WHEREFORE**, Plaintiffs, demand judgment against the Defendants, Borough of

Woodlynne on this Count, for damages, together with interest and costs of suit.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that the Plaintiffs hereby demand a trial by jury.

## CERTIFICATION PURSUANT TO R.4:5-1

Following my initial review of this matter, it appears that there are no other actions or

arbitrations relating to this suit pending or presently contemplated.

Following my initial review of this matter, it appears that there are no other persons who

should be joined as parties.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R.4:25-4, **ANDREW R. BENN**, is hereby

designated Trial Counsel.

BENN LAW, LLC
Attorney for Plaintiffs

BY: *Andrew Benn*
ANDREW R. BENN, ESQ

Date: January 26, 2022

10

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-000218-22

**Case Caption:** COOK JORDYNN VS BOROUGH OF
WOODLYNNE
**Case Initiation Date:** 01/26/2022
**Attorney Name:** ANDREW ROSS BENN
**Firm Name:** ANDREW BENN
**Address:** 1617 JFK BLVD STE 1240
PHILADELPHIA PA 19103
**Phone:** 2153546356
**Name of Party:** PLAINTIFF : Cook, Jordynn
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CIVIL RIGHTS
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jordynn Cook? NO**

**Are sexual abuse claims alleged by: Clyde Cook? NO**

**Are sexual abuse claims alleged by: Clyde Cook? NO**

**Are sexual abuse claims alleged by: Lakeisha Fontanez? NO**

**Are sexual abuse claims alleged by: Timothy Cook? NO**

**Are sexual abuse claims alleged by: Tracy Cook? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
　　**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
　　**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/26/2022
Dated

/s/ ANDREW ROSS BENN
Signed

## SUMMONS

Attorney(s) <u>ANDREW R. BENN, ESQUIRE</u>

Office Address <u>1617 JFK BLVD, SUITE 1240</u>

Town, State, Zip Code <u>PHILADELPHIA, PA 19103</u>

Telephone Number <u>215-354-6356</u>

Attorney(s) for Plaintiff <u>CLYDE COOK;TRACY COOK,</u>

TIMOTHY COOK;JORDYNN COOK,

A MINOR; LAKEISHA FONTANEZ

    Plaintiff(s)

  vs.

BOROUGH OF WOODLYNNE;

WOODLYNNE PD; ET AL

    Defendant(s)

## Superior Court of New Jersey

Camden   ▼County

CIVIL LAW   Division

Docket No: <u>CAM-L-000218-22</u>

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

<u>Michelle Smith/ss</u>

Clerk of the Superior Court

DATED: <u>01/26/2022</u>

Name of Defendant to Be Served: <u>WOODLYNNE POLICE DEPARTMENT</u>

Address of Defendant to Be Served: <u>200 COOPER AVE, WOODLYNNE NJ 08107</u>

## SUMMONS

Attorney(s) <u>ANDREW R. BENN, ESQUIRE</u>

Office Address <u>1617 JFK BLVD, SUITE 1240</u>

Town, State, Zip Code <u>PHILADELPHIA, PA 19103</u>

_____

Telephone Number <u>215-354-6356</u>

Attorney(s) for Plaintiff <u>CLYDE COOK;TRACY COOK,</u>

<u>TIMOTHY COOK;JORDYNN COOK,</u>

<u>A MINOR; LAKEISHA FONTANEZ</u>

      Plaintiff(s)

vs.

<u>BOROUGH OF WOODLYNNE;</u>

<u>WOODLYNNE PD; ET AL</u>

      Defendant(s)

### Superior Court of
### New Jersey

Camden    ☑ County

CIVIL LAW   Division

Docket No: <u>CAM-L-000218-22</u>

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                             *Michelle Smith*/ss

                                      Clerk of the Superior Court

DATED: <u>01/26/2022</u>

Name of Defendant to Be Served: <u>OFC. EDGAR FELICIANO</u>

Address of Defendant to Be Served: <u>200 COOPER AVE, WOODLYNNE NJ 08107</u>

## **SUMMONS**

Attorney(s) <u>ANDREW R. BENN, ESQUIRE</u>

Office Address <u>1617 JFK BLVD, SUITE 1240</u>

Town, State, Zip Code <u>PHILADELPHIA, PA 19103</u>

Telephone Number <u>215-354-6356</u>

Attorney(s) for Plaintiff <u>CLYDE COOK;TRACY COOK,</u>

<u>TIMOTHY COOK;JORDYNN COOK,</u>

<u>A MINOR; LAKEISHA FONTANEZ</u>
      Plaintiff(s)

vs.

<u>BOROUGH OF WOODLYNNE;</u>

<u>WOODLYNNE PD; ET AL</u>
      Defendant(s)

### **Superior Court of New Jersey**

Camden ▼County

CIVIL LAW Division

Docket No: <u>CAM-L-000218-22</u>

### **CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle Smith /ss_

Clerk of the Superior Court

DATED: <u>01/26/2022</u>

Name of Defendant to Be Served: <u>OFC. JAVIER ACEVEDO</u>

Address of Defendant to Be Served: <u>200 COOPER AVE, WOODLYNNE NJ 08107</u>

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Christopher M. Wolk, Esq. | (856) 848-7472 | Camden |

| FIRM NAME (if applicable) | |
|---|---|
| Blumberg & Wolk, LLC | DOCKET NUMBER (when available) CAM-L-000218-22 |

| OFFICE ADDRESS | |
|---|---|
| 158 Delaware Street P.O. Box 68 Woodbury, NJ 08096 | DOCUMENT TYPE Answer to Complaint |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Defts., Borough of Woodlynne, Woodlynne Police Dept., and Officer Feliciano and Officer Acevedo | Cook v. Borough of Woodlynne, et al. |

| CASE TYPE NUMBER (See reverse side for listing) 005 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

This is an alleged violation of civil rights matter.

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
285   STRYKER TRIDENT HIP IMPLANTS
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
289   REGLAN
290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE

292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION
295   ALLODERM REGENERATIVE TISSUE MATRIX
296   STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297   MIRENA CONTRACEPTIVE DEVICE
299   OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300   TALC-BASED BODY POWDERS
601   ASBESTOS
623   PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

**BLUMBERG & WOLK, LLC**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
(CMW ID# 012832007)
Attorneys for Defendants, Borough of Woodlynne, Woodlynne Police Department,
Officer Edgar Feliciano, and Officer Javier Acevedo

| | |
|---|---|
| JORDYNN COOK, a minor by here Guardian CLYDE COOK; CLYDE COOK, Individually; LAKEISHA FONTANEZ, TIMOTHY COOK; and TRACY COOK,<br><br>                             Plaintiffs<br>    Vs.<br><br>BOROUGH OF WOODLYNNE and/or WOODLYNNE POLICE DEPARTMENT and/or OFFICER EDGAR FELICIANO and/or OFFICER JAVIER ACEVEDO, jointly, severally, individually, and/or in the Alternative,<br><br>                           Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br>DOCKET NO. CAM-L-000218-22<br><br>                    CIVIL ACTION<br><br>**ANSWER TO COMPLAINT, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, CROSSCLAIM, AND SEPARATE DEFENSES ON BEHALF OF DEFENDANTS, BOROUGH OF WOODLYNNE and/or WOODLYNNE POLICE DEPARTMENT and/or OFFICER EDGAR FELICIANO and/or OFFICER JAVIER ACEVEDO** |

The answering Defendants, Borough of Woodlynne, Woodlynne Police Department, Officer Edgar Feliciano, and Officer Javier Acevedo, by way of Answer to the Complaint filed herein say:

<u>**FIRST COUNT**</u>

1. Neither admitted nor denied and plaintiffs are left to their proof.

2. It is admitted that the defendants were employed by the Borough of Woodlynne and/or Woodlynne Police Department at the time of the incident.  The remainder of the paragraph is denied.

3. Denied.

4. Denied.

1

## SECOND COUNT

5. The answers to the allegations of the First Count are hereby repeated and made a part hereof in lieu of repetition.

6. Neither admitted nor denied, and plaintiffs are left to their proof.

7. Denied.

8. It is admitted that the defendants were employed by the Borough of Woodlynne and/or Woodlynne Police Department at the time of the incident. The remainder of the paragraph is denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## THIRD COUNT

13. The answers to the allegations of the First, Second, and Third Counts are hereby repeated and made a part hereof in lieu of repetition.

14. It is admitted that the defendants were employed by the Borough of Woodlynne and/or Woodlynne Police Department at the time of the incident. The remainder of the paragraph is denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## FOURTH COUNT

19.  The answers to the allegations of the First, Second, and Third Counts are hereby repeated and made a part hereof in lieu of repetition.

20.  It is admitted that the defendants were employed by the Borough of Woodlynne and/or Woodlynne Police Department at the time of the incident.  The remainder of the paragraph is denied.

21.  Denied.

22.  Denied.

23.  Denied.

24.  Denied.

## FIFTH COUNT

25.  The answers to the allegations of the First, Second, Third, and Fourth Counts are hereby repeated and made a part hereof in lieu of repetition.

26.  It is admitted that the defendants were employed by the Borough of Woodlynne and/or Woodlynne Police Department at the time of the incident.  The remainder of the paragraph is denied.

27.  Denied.

28.  Denied.

29.  Denied.

## SIXTH COUNT

30.  The answers to the allegations of Counts I – V are hereby repeated and made a part hereof in lieu of repetition.

31.  Denied.

32.  Neither admitted nor denied, and plaintiffs are left to their proof.

33.  Neither admitted nor denied, and plaintiffs are left to their proof.

3

**34.** Denied.

**35.** Denied.

**36.** Denied.

**37.** Denied.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSES

Plaintiffs fail to state a claim for which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs have not been deprived of any rights guaranteed them under the Constitution and laws of the United States or New Jersey by the alleged acts or omissions by the answering Defendants.

### THIRD SEPARATE DEFENSE

No conduct on the part of the answering Defendants were the proximate cause of any injury or damage that the plaintiffs allegedly suffered.

### FOURTH SEPARATE DEFENSE

Plaintiffs' Complaint must be dismissed because at all times relevant to the allegations contained therein, the answering Defendants acted properly and within the scope of their duties and responsibilities.

### FIFTH SEPARATE DEFENSE

Answering Defendants are entitled to qualified immunity from damages.

### SIXTH SEPARATE DEFENSE

Answering Defendants did not know, and could not have been reasonably expected to know, that any action taken by Defendants with respect to plaintiffs were in violation of plaintiffs' constitutional rights, and accordingly, Defendants are immune from liability.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred under applicable statutes of limitation periods established by law.

### EIGHTH SEPARATE DEFENSE

All plaintiffs' state law claims are barred by their failure to comply with the notice provisions of the Tort Claims Act, N.J.S.A. 59:8-8.

### NINTH SEPARATE DEFENSE

Answering Defendants plead the immunities provided by N.J.S.A. 59:2-1, all other applicable Tort Claims Act immunities, including but not limited to sections 2-2,3,6,7,10; sections 3-1,2,7; 4-1,2,3,4,5,6,7,8,9; 5-1,2,4,5,6; 6-1,2,3,4,5,6,7 8-3,4,5,6,7,8,10; 9-3, 9-4 and 9-6.

### TENTH SEPARATE DEFENSE

The action is subject to the limitations set forth N.J.S.A. 59:9-2(c) and (d), and N.J.S.A. 10:6-1, et seq., including but not limited to the limitations on awards for pain and suffering and punitive damages.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs were contributorily negligent, and that negligence was the proximate cause of any injuries sustained and the answering Defendants are entitled to a reduction of any award of damages pursuant to the provisions of N.J.S.A. 59:9-4 and other applicable provisions of the Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWELFTH SEPARATE DEFENSE

Answering Defendants plead the immunity provided by N.J.S.A. 59:3-3 and N.J.S.A. 10:6-1, et seq. for actions taken in good faith in the enforcement of the law.

## THIRTEENTH SEPARATE DEFENSE

Answering Defendants plead the immunity provided by N.J.S.A. 59:3-3 and N.J.S.A. 10:6-1, et seq. for actions taken in good faith in the enforcement of the law.

## FOURTEENTH SEPARATE DEFENSE

Answering Defendants, as public employees, are immune from liability because the claim arises out the exercise of judgment or discretion vested in them pursuant to N.J.S.A. 2A:59:3-2(a).

## FIFTEENTH SEPARATE DEFENSE

Answering Defendants, as police officers enforcing the law, are immune from liability to N.J.S.A. 59:9-2(d).

## SIXTEENTH SEPARATE DEFENSE

Answering Defendants plead all those defenses that would be permissible to Defendants in accordance with common law.

## SEVENTEENTH SEPARATE DEFENSE

Answering Defendants plead all those statutory defense permissible in accordance with the New Jersey Criminal Code.

## EIGHTEENTH SEPARATE DEFENSE

The Complaint is barred by the doctrine of comparative negligence in that the negligence of the plaintiffs were greater than the negligence of the Defendants or greater than the combined negligence of the persons against whom recovery is sought, pursuant to N.J.S.A. 59:9-4 and N.J.S.A. 2A:15-5.3.

## NINETEENTH SEPARATE DEFENSE

Answering Defendants deny that any of their actions were willful, wanton, malicious, or reckless.

## TWENTIETH SEPARATE DEFENSE

Plaintiffs were cognizant and aware of all acts, circumstances and conditions existing, and consented to, permitted, acquiesced and/or voluntarily assumed the risks arising there from and attendant thereto.

## TWENTY-FIRST SEPARATE DEFENSE

At all relevant times, the answering Defendants conducted themselves in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars plaintiffs from asserting the claims herein.

## TWENTY-SECOND SEPARATE DEFENSE

At the time and place alleged in the Complaint, the answering Defendants violated no legal duty and there owing to the plaintiffs.

## TWENTY-THIRD SEPARATE DEFENSE

The claims of the plaintiffs lack merit and is frivolous in nature. Answering Defendants hereby reserve the right to institute a subsequent claim for abuse of process and of the institution of frivolous lawsuit, subject to the dismissal of the instant claim of the plaintiffs.

## TWENTY-FOURTH SEPARATE DEFENSE

In the event the answering Defendants are determined to be joint tortfeasors, the Defendants' duty to contribute is subject to the limitations set forth in New Jersey Tort Claims Act, N.J.S.A. 59:9-2 and 59:9-3, and only to the extent authorized by N.J.S.A. 59:9-2, 59:9-4, 59:9-3 and 59:9-3.1.

## TWENTY-FIFTH SEPARATE DEFENSE

The arrests by the Defendants was a just one, and probable cause existed to initiate the arrests.

### TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendants assert that plaintiff's alleged injuries, damages or losses are the result of independent intervening persons and/or agencies or instrumentalities over which the Defendants had no control and/or duty to control.

### TWENTY-SEVENTH SEPARATE DEFENSE

Answering Defendants acted upon reasonable grounds and without malice and is therefore not answerable to the plaintiffs for damages or losses.

### TWENTY-EIGHTH SEPARATE DEFENSE

Answering Defendants acted under reasonable and probably cause under the then-existing circumstances.

### TWENTY-NINTH SEPARATE DEFENSE

Answering Defendants performed each and every duty owed to plaintiffs. If the Defendant are found to have breached any obligation or duty owed to plaintiffs, which breach is specifically denied, such breach was not the proximate cause of any injury or loss which plaintiff may have sustained.

### THIRTIETH SEPARATE DEFENSE

Plaintiffs' contributory negligence was the sole and/or proximate cause of any alleged injuries suffered by the plaintiffs.

### THIRTY-FIRST SEPARATE DEFENSE

Answering Defendants acted reasonably and in good faith based upon the information available to them at the time of the incident.

### THIRTY-SECOND SEPARATE DEFENSE

Plaintiffs are barred by the doctrine of equitable/legal estoppel.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

8

### THIRTY-FOURTH SEPARATE DEFENSE

The incident described in the Complaint was caused or partly by the negligence or intentional acts of the plaintiffs, and plaintiffs are barred from recovery, or their recovery is reduced thereby.

### THIRTY-FIFTH SEPARATE DEFENSE

Any action taken on part of the answering Defendants was in the nature of a discretionary activity within the meaning of N.J.S.A. 59:3-2 and N.J.S.A. 10:6-1, et seq. and, 42 U.S.C.A. 1983 and, accordingly, no liability may be imposed upon the answering Defendants.

### THIRTY-SIXTH SEPARATE DEFENSE

In the event that it is found that the acts of the agents, servant or employees of the Defendant(s), Woodlynne Borough Police Department, were performed with malice and based upon unreasonable grounds, said acts are outside the scope of authorization from said Defendants, and is outside the scope of employment.  As such, answering Defendants, Woodlynne Borough Police Department is not answerable to the plaintiffs for damages, as liability would not attach to said Defendant.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred in whole or in part due to the absolute and/or qualified immunity afforded to the answering Defendants.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendants reserve the right to assert the affirmative defense of fraud.

### SECOND AFFIRMATIVE DEFENSE

These Defendants reserve the right to assert the affirmative defense of illegality.

9

### THIRD AFFIRMATIVE DEFENSE

Any claim of plaintiffs is the direct result of actions of other unnamed Defendants whom this Defendants has no control.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to apply to this Court for the imposition of sanctions against the plaintiffs and counsel, pursuant to Rule 1:4-8, and make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code annotated on the basis that the within cause of action is without merit, is frivolous and has been instituted by the plaintiffs in bad faith and with the intent to harass the Defendants and to cause him in incur great expenses in defense of same, all to these Defendants' damage.

### (Claim for Contribution or Settlement Credit)

While denying any liability to plaintiffs on the Complaint, and based upon information and belief, asserting that there is no basis for liability as to the other Defendants(s), the answering Defendants(s) nevertheless asserts a claim for contribution from co-Defendants(s) pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53-A; and in the alternative contends that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other Defendants(s) and such Defendants(s) enter into a settlement agreement with plaintiff(s), in whole or in part, then the answering Defendants(s) asserts a claim for a credit reducing the amount of any judgment in favor of plaintiff(s) against the answering Defendants(s) to reflect the degree of fault allocated to the settling Defendants(s) pursuant to **Young v. Latta**, 123 N.J. 584 (1991).

## ANSWER TO ALL CROSSCLAIMS

The Defendants, by way of answer to any and all Crossclaims heretofore and hereafter asserted against it, respectfully states that it denies each and every allegation contained in such Crossclaim.

**WHEREFORE,** the Defendants demands judgment dismissing any and all Crossclaims, plus costs either heretofore or hereafter asserted against.

## RESERVATIONS OF DEFENSES AND OBJECTIONS

The answering Defendants reserves the right to assert and raise any additional objections and affirmative defenses which become known during the course of discovery.

## DEMAND FOR STATEMENT OF DAMAGES

**TAKE NOTICE** that the Defendants herein hereby demand the plaintiffs, through his attorney(s), to serve a Statement of Damages claimed within five (5) days of the date of service hereof.

## JURY DEMAND

The Defendants herein demand trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Christopher M. Wolk, Esquire, attorney for the Borough of Woodlynne, Woodlynne Police Department, Officer Edgar Feliciano, and Officer Javier Acevedo, is hereby designated as trial counsel in the within action.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I, Christopher M. Wolk, Esquire, hereby certify as follows:

1.      To the best of my knowledge, this matter is not the subject of any additional proceeding

2.      To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

11

3.    I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BLUMBERG & WOLK, LLC
Attorneys for Defendants(s),
Borough of Woodlynne, Woodlynne Police
Department, Officer Edgar Feliciano, and
Officer Javier Acevedo

By:_____
        Christopher M. Wolk, Esq.

I do hereby certify that a copy of the within pleading was served pursuant to R.1:5-3, via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

BLUMBERG & WOLK, LLC
Attorneys for Defendants(s),
Borough of Woodlynne, Woodlynne Police
Department, Officer Edgar Feliciano, and
Officer Javier Acevedo

By:_____
        Christopher M. Wolk, Esq.