UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.C., a Minor, et al,<br><br>    Plaintiffs,<br><br>    v.<br><br>Borough of Woodlynne, et al,<br><br>    Defendants. | No. 1:22-cv-01127-NLH-EAP<br><br>OPINION |

**APPEARANCES**:

ANDREW R. BENN, ESQ.
BENN LAW, LLC
1617 JFK BOULEVARD, SUITE 1240
PHILADELPHIA, PA 19103

   *On behalf of Plaintiffs J.C. (Guardian Clyde Cook),
   Lakeisha Fontanez, Clyde Cook (Individually), Tracy Cook*

TIMOTHY M. ZANGHI, ESQ.
BLUMBERG & WOLK, LLC
158 DELAWARE STREET
WOODBURY, NJ 08096

   *On behalf of Defendants Borough of Woodlynne, Woodlynne
   Police Department, and Officer Edgar Feliciano*

TIMOTHY R. BIEG, ESQ.
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200
HADDONFIELD, NJ 08033

   *On behalf of Defendant Officer Javier Acevedo*

**HILLMAN**, **District Judge**

   This matter comes before the Court by way of minor J.C.

(Guardian Clyde Cook), Lakeisha Fontanez, Clyde Cook (individually), Timothy Cook, and Tracy Cook's ("Plaintiffs") Motion to Remand the case to state court. (ECF No. 4). For the reasons discussed below, the Motion to Remand the matter to state court will be granted.

## BACKGROUND

On or about February 9, 2020, Defendant Officer Feliciano and Defendant Officer Acevedo allegedly pepper sprayed an entire home causing Plaintiffs, minor, J.C., her guardian Clyde Cook, Tracy Cook, Timothy Cook, and Lakeisha Fontanez, serious injuries requiring medical care. (ECF No. 1 at 7-13). Plaintiffs further allege that Defendant Officers pepper sprayed Plaintiffs Clyde Cook, Lakeisha Fontanez, and Timothy Cook in the face. (Id.). Plaintiffs Clyde Cook and Timothy Cook allege Defendant Officers pointed their service revolvers at them, and slammed them into the wall and to the ground when they entered the home, as well. (Id.). Plaintiff Tracy Cook alleges that the Defendant Officers pointed their service revolvers at her and pepper sprayed her in the face as well. (Id.). The minor, J.C. was harmed by the pepper spray in the home. (Id. at 2).

All Plaintiffs further allege emotional and monetary injury from the Defendants' alleged violation of their civil rights as set forth in the U.S. Constitution, the New Jersey Constitution, the New Jersey Civil Rights Act, and Title 42, U.S.C. § 1983.

2

Plaintiffs further allege that Defendant Officers were employed by Defendant Borough of Woodlynne and/or the Woodlynne Police Department and violated their rights while in the course and scope of their employment, and that these entities failed to properly train the Defendant Officers and failed to maintain proper policies, practices, or customs that allowed for the incident to occur. (Id. at 2 and 9).

Plaintiffs initially filed their Complaint in state court on January 26, 2022. (ECF No. 4 at 7). Plaintiffs contend that all Defendants were served by a process server on January 27, 2022 by serving the Borough of Woodlynne's municipal clerk, Jerry Fuentes. (Id.). Defendants filed their Notice of Removal with this Court on March 2, 2022 pursuant to 28 U.S.C. § 1441(a). (ECF No. 1 at 2). On March 18, 2022 Plaintiffs filed a timely[1] Motion to Remand, asserting that Defendants failed to remove the matter within the time frame required by the removal statutes. (ECF No. 4). On April 4, 2022 Defendants filed a Response in Opposition, asserting that Plaintiffs failed to properly serve the Defendant Officers and because of that, Defendants' removal was timely. (ECF No. 5). On April 8, 2022 Plaintiffs filed their Reply. (ECF No. 6).

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

3

**DISCUSSION**

**I.   Subject Matter Jurisdiction**

This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of their state claims by way of 28 U.S.C. § 1367.

**II.  Standard for a Motion to Remand**

Federal courts are courts of limited jurisdiction which possess "only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377(1994) (internal citations omitted).  It is presumed that a cause of action lies outside of this limited jurisdiction and this presumption places a burden upon the removing party to establish federal jurisdiction.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  The federal removal statute permits a defendant to remove a civil action when the district court has original jurisdiction over the action and the district court geographically encompasses the state court where the action was originally filed.  28 U.S.C. § 1441(a).

Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking."  28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013).  The removal statutes "are to be strictly construed against removal and all doubts should

4

be resolved in favor of remand." Boyer, 913 F.2d at 111.  This Court may only review the timeliness of removal if a plaintiff raises the issue in a motion to remand.  Estate of Campbell by Campbell v. South Jersey Medical Center, 732 F. App'x 113, 117 (3d Cir. 2018) (citing In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000) (explaining that a district court cannot remand an action sua sponte for untimeliness)).

Section 1446 is clear that, for a removal notice to be timely, it must be filed within thirty days of the date on which the defendant first ascertained that the case was removable based on "a copy of an amended pleading, motion, order or other paper."  28 U.S.C. § 1446(b); Rosebud Holding, L.L.C. v. Burks, 995 F. Supp. 465, 467 (D.N.J. Jan. 15, 1998) ("While the thirty day time period in which to remove is not jurisdictional, it is a strictly applied rule of procedure that may not be extended by the court.").

As set forth in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999), the 30-day time period begins to run at the time service is properly made on a party because any other interpretation would impinge upon a party's procedural rights before a party was subject to a court's authority.  "In determining whether a defendant is properly served before removal, a federal court must apply the law of the state under where service was effectuated."  Lee v.

5

Cent. Parking Corp., No. 15-454, U.S. Dist. LEXIS 177900 at *11 (D.N.J. May 28, 2015) (citing Giovanni v. Mentor Worldwide, LLC., No. 12-4435, 2012 WL 5944181, at *3 (D.N.J. Nov. 21, 2012)).  Therefore, the analysis must begin with the service requirements under New Jersey law.  See Lee, U.S. Dist. LEXIS 177900 at *11-12.

**III. Analysis**

Under N.J. Ct. R. 4:4-4(a), personal service is the primary method of effecting *in personam* jurisdiction.  Id.  Here, Defendants argue that Defendant Officers Acevedo and Feliciano were not properly served because they were not personally served and that neither officer "could [] recall when he actually received a copy of the complaint."  (ECF No. 5 at 2).  While personal service is the primary method of effecting service in New Jersey, parties can also complete service by providing the complaint and summons to "a person authorized by appointment or by law to receive service or process on the individual's behalf." N.J. Ct. R. 4:4-4(a)(1).

In this matter, Plaintiffs argue that proper service of both Defendant Officers was made when the process server gave Fuentes, the Municipal Clerk, copies of the complaint and summons for all Defendants.  "If service of process is made to 'a person authorized by appointment or by law to receive services of process' on an individual's behalf, the [party

asserting proper service] bears the burden of proof 'that an alleged agent has specific authority, express or implied, for the receipt of process.'" Curbison v. United States, No. 05-5280, 2006 WL 3544560 at *6 (D.N.J. Dec. 7, 2006) (applying New Jersey law to determine whether service on a corporation's CEO and its board of directors was accomplished by delivering a copy of the summons and complaint on a person purported to be the agent of these parties).

In New Jersey, Municipal Clerks are a statutory position that is appointed to fulfill the role of secretary of the municipal corporation and governing body, custodian of all records, and administrative officer for the municipality. See N.J. Rev. Stat. § 40A:9-133(e) (1-7). According to the Municipal Clerk's Association of New Jersey, a "core duty" pursuant to the Clerk's role as the secretary of the municipal corporation is to maintain receipt of service of legal documents. Municipal Clerk Study Guide, MUNICIPAL CLERK'S ASSOCIATION OF NEW JERSEY, Chapter 2 Office of the Municipal Clerk, §2-14 Core Duties (N.J.S.A. 40A:9-133(A)(4)), https://www.njclerks.org (last visited Nov. 3, 2022).

Further, Plaintiffs allege, and Defendants do not rebut, that Fuentes represented to the process server that he was authorized to accept service of legal process for all Defendants, which is in accordance with his role as a Municipal

7

Clerk. (ECF No. 6 at 3). As Plaintiffs explain, such Clerks are authorized by appointment to be agents of the Municipality, in this case, Defendant Borough of Woodlynne, and that because the officers were employed by the Borough at the time of the incident and were still employed by the Borough at the time of service, the Clerk was therefore authorized to accept service on the Defendant Officers' behalf. (Id.). Such service is further authorized by N.J. Ct. R. 4:4-4(a)(8) obtaining *in personam* jurisdiction: "[o]n other public bodies [other than the State of New Jersey], by serving a copy of the summons and complaint in the manner prescribed by subparagraph (a)(1) of this rule on the presiding officer or on the clerk or secretary thereof." Further, Plaintiffs provided the Court with competent copies verifying this service of process which facially indicate compliance with N.J. Ct. R. 4:4-4(a)(1), which, according to courts in this district, is prima facie evidence that service upon the Defendant Officers was proper. Niblack v. Pettway, No. 13-3740, 2013 WL 6244140 at *4 (D.N.J. Dec. 3, 2013).[2]

---

[2] This option for proper service is further supported by Federal Rule of Civil Procedure 4(e) which states that in cases initially brought in federal court service can be made by:

(1) following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

In finding that the Municipal Clerk was an agent of Defendant Borough of Woodlynne, and the Defendant Officers were agents of the same, the remainder of the analysis rests on the date the Complaint was served and when Notice of Removal was filed. Defendants were served by process server on January 27, 2022. (ECF No. 4 at 23-26). Thirty-four days later, Defendants filed their Notice of Removal with this Court on March 2, 2022 pursuant to 28 U.S.C. § 1441(a). (ECF No. 1 at 2). Therefore, Defendants exceeded the thirty-day limitation set forth in 28 U.S.C. § 1446(b) making Defendants' Motion for Removal untimely.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF No. 4) will be granted.

An appropriate Order consistent with this Opinion will be entered.

Date: November 7, 2022         s/ Noel L. Hillman
At Camden, New Jersey          NOEL.L. HILLMAN, U.S.D.J.

---

a. delivering a copy of the summons and complaint to the individual personally;
b. leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
c. delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. Rule 4(e); see also Baker v. Lincoln Park Bancorp, No. 20-8731, 2020 WL 5640689 at *3 (D.N.J. Sept. 22, 2020).

9